UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUCAS McCREADY, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS, LLC, <br><br> Defendant. | Case No. 25-cv-10827 <br><br> Honorable Robert J. White |

**ORDER OF DISMISSAL FOR LACK OF TIMELY SERVICE OF PROCESS**

Lucas McCready commenced this Magnuson-Moss Warranty Act lawsuit against General Motors, LLC. McCready filed the complaint on March 25, 2025. (ECF No. 1). On June 30, 2025, the Court issued him an order to show cause as to why the case should not be dismissed for failure to prosecute. (ECF No. 5).

In response to the show cause order, McCready filed a certificate of service indicating that he served General Motors with a copy of the summons and complaint on June 30, 2025 – the same day the Court issued its show cause order. (ECF No. 6, PageID.21). McCready's counsel acknowledged the untimely service of process, "apologize[d] to the Court for the delay," and recognized "the importance of

complying with deadlines and diligently prosecuting this case." (ECF No. 7, PageID.23, ¶ 3).

Federal Rule of Civil Procedure 4(m) requires service of process on the defendant "within 90 days after the complaint is filed." The complaint is otherwise subject to dismissal without prejudice. *Id.* The Court "must extend the time for service for an appropriate period" in the event "the plaintiff shows good cause" for failing to adhere to this timeframe. *Id.* "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *see also Nwokocha v. Perry*, 67 F. App'x 912, 914 (6th Cir. 2003). The plaintiff carries the burden of showing good cause for the delay. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *see also Nwokocha*, 67 F. App'x at 914.

Counsel's response to the show cause order is conclusory. He argues that "[d]ismissal at this stage would be unduly prejudicial to Plaintiff and would not serve the interests of justice, particularly in light of the relatively brief delay and absence of any prejudice to Defendant." (ECF No. 7, PageID.23, ¶ 5). But he fails to explain why dismissal would "unduly prejudice" McCready, why dismissal would not "serve the interests of justice," and why there is no "prejudice" to General Motors.

Counsel's response to the show cause order is not sufficient to establish the requisite good cause for extending the time to serve process. *See Friedman v. Estate*

2

*of Presser*, 929 F.2d 1151, 1157-58 (6th Cir. 1991) (stating that "counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause."); *see also Breezley v. Hamilton Cnty.*, 674 F. App'x 502, 506 (6th Cir. 2017) (same).  Accordingly,

    IT IS ORDERED that the complaint is dismissed without prejudice (ECF No. 1) for lack of timely service of process.

    IT IS FURTHER ORDERED that the Clerk of the Court is directed to close the case.

Dated: July 10, 2025　　　　　　　　　　s/Robert J. White
　　　　　　　　　　　　　　　　　　　Robert J. White
　　　　　　　　　　　　　　　　　　　United States District Judge